DE QUEEN & EASTERN RAILROAD COMPANY v. PARK.

Opinion delivered December 6, 1920.

1. ASSOCIATIONS—PARTIES.—Where the authorized agent of a fruit growers' association brought suit, on behalf of himself and the other members of the association, to recover damages from a carrier ·for failure to furnish cars for shipping purposes, it was not error to refuse to strike from the complaint the names of the other members of the association having an interest in the cause of action.

2. ASSOCIATIONS—SUIT BY AGENT.—The agent of a fruit-growers' association may sue on behalf of himself and the other members of the association on a cause of action against a carrier for failure to furnish cars for shipping.

3. APPEAL AND ERROR—HARMLESS ERROR.—In an action against a railroad company for failure to furnish cars, under Acts 1909, page 698, refusal to require the complaint to be made more definite and certain by alleging the dates on which cars were wanted was harmless where the undisputed evidence showed that defendant had knowledge of such dates.

4. CARRIERS—EVIDENCE—SHIPPER'S CONVERSATION WITH AGENT.—In an action against a railroad company for failure to furnish cars for shipping fruit, under Acts 1909, page 698, where the defense was that there was an unprecedented rush in its business, testimony that plaintiff in ·advance of the shipping season had talked with the railroad freight agent as to the number of cars needed, and was advised by the agent that the railroad company would take care of the shipments, was admissible to prove that there was ·no unprecedented demand for cars during such season.

5. CARRIERS—WAIVER OF WRITTEN NOTICE TO SUPPLY CARS.—Where a railroad company was advised as to the number of cars that would be needed during the season at a particular station, and furnished cars daily on the verbal request of the shipper's agent, it will be held to have waived the written notice to supply the cars, required by Acts. 1909, page 698.

6.  CARRIERS—FAILURE TO FURNISH CARS—LIABILITY.—A railroad com-
pany is liable for failure to furnish cars for shipment of canta-
loupes under Acts 1909, page 698, though such failure was due
to the failure of the refrigerator company to furnish iced cars.

Appeal from Sevier Circuit Court; *C. E. Johnson,*
Special Judge; affirmed.

### STATEMENT OF FACTS.

T. W. Park on behalf of himself and other persons
associated together for the purpose of growing and ship-
ping cantaloupes and peaches, sued the De Queen &
Eastern Railroad Company to recover damages for fail-
ing to furnish cars whereby their cantaloupes were dam-
aged and lost. The material facts are as follows:

T. W. Park and other farmers living near Lockes-
burg, Arkansas, on the De Queen & Eastern Railroad
formed a voluntary association for the purpose of rais-
ing and shipping cantaloupes and peaches. T. W. Park
was selected as the agent of the members to ship and
sell their products. The manager of the freight depart-
ment of the railroad company was present at a meeting
of 150 or 200 people in Lockesburg and knew that an as-
sociation was being formed for the purpose of raising
and shipping cantaloupes and peaches. He told them
that the railroad would build a shed and take care of
their shipments. Park notified C. C. Ray, the manager
of the freight department of the railroad company, a
month or two before the shipping season opened, of the
probable number of cars that he would need. He or-
dered 100 cars for cantaloupes and twelve cars for
peaches from the depot agent. The depot agent notified
the manager, and the manager made an arrangement
with the American Refrigerator Transit Company to
furnish iced cars to be used in the shipment of the can-
taloupes and peaches. The De Queen & Eastern Railroad
Company was only twenty-seven miles long, and Lockes-
burg was the only station on its line where cantaloupes
and peaches were shipped. It connected with the Kan-
sas City Southern Railway Company, and could only

make a contract with the American Refrigerator Transit Company for refrigerator cars, because that company was the only one operating on the line of the Kansas City Southern Railway Company. The defendant railway company furnished Park and others ninety-two cars for cantaloupes and ten cars for peaches. The custom was that Park would notify the agent of the railway company at Lockesburg how many cars he would need for the next shipment. On a certain day he ordered cars for the next shipment, and the cantaloupes were placed in the shed at the depot prepared for that purpose. The railway company failed to furnish the refrigerator cars because the refrigerator company failed to deliver them to it. There was no local market at Lockesburg for the cantaloupes, and they became worthless because they could not be shipped out. Park notified the railroad agent that the cantaloupes were there ready for shipment and urged him to have brought in refrigerator cars for that purpose. When the railroad company failed to bring in the refrigerator cars, Park did not demand a bill of lading because that would not do any good since the cantaloupes could not be shipped except in refrigerator cars. The value of the cantaloupes offered for shipment was proved.

There was a verdict and judgment for the plaintiff, and the defendant has appealed.

*Abe Collins* and *Lake & Lake,* for appellant.

1.   The court erred in refusing to sustain the motion to strike from the complaint the names of all parties having an interest in the cause of action except T. W. Park. 1 Ark. 59; 24 *Id.* 554; 7 *Id.* 34; 80 *Id.* 228; 22 *Id.* 1.

2.   The court erred in overruling motion to make the complaint more definite and certain.

3.   It was error to admit certain evidence of the witness, T. W. Park. It was irrelevant, immaterial and incompetent, and did not tend to prove or disprove any issue in the case.

4.   The court erred in requiring the introduction of the contract between appellant and the A. R. T. Company,

as it unduly incumbered the record, and, further, because section 18 thereof bound appellant to defend all suits for loss or damage to shipments covered by the agreement, and in the event of disagreement to arbitrate, and such information would clearly lead the jury to believe that it had the right to hold appellant responsible for any and all defaults or negligence of the A. R. T. Company contributing to the loss or damage herein.

5. The court erred in giving a peremptory instruction for appellee. The answer and the evidence raised a question of fact for a jury to pass upon. The complaint does not state a cause of action. 79 Ark. 51; 105 *Id.* 415; 89 *Id.* 466.

6. The court erred in its instructions to the jury and in refusing the second, third and fourth for defendants. 12 Mo. App. 599; 154 Fed. 497; 198 *Id.* 998; 237 U. S. 133; Hutch. on Car. (2 ed.), 117.

7. It was error to refuse the appellant's ninth instruction. 33 Mich. 6.

*E. K. Edwards* and *B. E. Isbell,* for appellee.

1. The motion to strike was properly overruled. 58 Ark. 490; 101 *Id.* 172.

2. The court committed no error in refusing the motion to make more definite the complaint. Defendant was in possession of all the information and had a record of it and would not have been misled or put to disadvantage for lack of the hour, etc. The testimony of defendant's servants admit the demand for the cars.

3. There was no error in admitting the testimony of T. W. Park. Acts 1909, p. 698, act 233, § 3.

4. The peremptory instruction was proper. There was nothing for a jury except the value of the cantaloupes lost, and this was submitted to a jury and it found for plaintiff in a sum less than he sued for. There was no unexpected emergency. Defendant was bound to furnish the needed cars whether it owned them or not. The appeal is for delay only.

HART, J. (after stating the facts). Park brought this suit for himself and others who are named in the complaint.

Counsel for the defendant insist that the court committed prejudicial error in refusing to sustain its motion to strike from the complaint the names of all parties having an interest in the cause of action except T. W. Park. We do not think the court erred in overruling its motion.

According to the allegations of the complaint and the proof introduced at the trial, a number of farmers around Lockesburg associated themselves together for the purpose of growing and shipping cantaloupes and peaches. T. W. Park was selected by them as their agent to sell and ship their products. He acted as agent for them throughout the season in selling and shipping their cantaloupes and peaches, and brought this suit for himself and others who had cantaloupes at the depot for shipment. Therefore, under the rule laid down in *St. Louis, Iron Mountain & Southern Railway Company* v. *Cumbie,* 101 Ark. 172, there was no error in permitting Park to bring the suit in behalf of himself and all others who had employed him to ship and sell their cantaloupes for them.

It is next contended that the court erred in overruling the defendant's motion to make the complaint more definite and certain. Counsel say that the complaint merely charges generally that the railroad company failed to furnish cars for the shipment of cantaloupes of the plaintiff, and that it is defective in not setting out the dates on which said cars were ordered.

The undisputed evidence shows that its line of road was only twenty-seven miles long, and that Lockesburg was the only station on its line at which cantaloupes were shipped. The date of the shipping season was shown and the number of cars that the railroad furnished the shippers at Lockesburg during the season. It also appears from the testimony of the railroad company that it knew of the date in question, and only failed to

furnish the cars because it could not get them from the refrigerator company. Hence it is apparent that no prejudice resulted to the defendant in the action of the court in overruling its motion to make the complaint more definite and certain.

It is next contended that the court erred in permitting T. W. Park to testify that he went to see Mr. Ray and talked with him about the shipping association before the season opened and Mr. Ray told him then that he would take care of the shipping. There was no error in admitting this evidence.

One of the defenses of the railroad company to the action was that it was excused from failing to deliver the cars on account of the unprecedented rush in its business. Ray was the manager of the freight department of the railroad company, and Park represented the shippers. Park and Ray talked over the matter before the shipping season began, in order that the shippers might know whether or not the railroad company could handle the shipments and in order to give the railroad company time to prepare for it. Park told Ray about how many cars of cantaloupes and peaches would be delivered to the railroad company for shipment, and Ray told him that the railroad company would take care of the shipments. There is no dispute about this testimony, and it was competent for the purpose of showing that there was no unprecedented demand for cars during the cantaloupe season.

The suit was brought under act 233 of the Acts of 1909, which had for its object to regulate the transportation of perishable freight by railroads in this State. Acts of 1909, p. 698. Under this act when a shipper makes a written application to a station agent of a railroad company in this State for cars to be loaded with any kind of perishable freight, such as fruit and vegetables, stating the character of freight, the kind of cars wanted and the destination of the freight, the railroad company shall furnish the cars at the place of shipment

within twenty-four hours from 7 o'clock p. m. on the day following such application. The undisputed evidence shows a violation of this act on the part of the railroad company. It knew in advance how many cars would be needed at Lockesburg during the shipping season for cantaloupes. It furnished cars each day upon the verbal request of T. W. Park, the agent of the shippers. The railroad failed to deliver cars demanded for the shipment of the cantaloupes in question because it could not get them from the refrigerator company, and Park gave the order for the cars to the depot agent in the usual way, and the order was accepted by the agent. Hence there was a waiver of the written notice to supply the cars required by the statute.

As above stated, the undisputed evidence shows that there was no unprecedented demand for cars, and the railroad company could not defend on that ground. Neither was it a defense to the action that the refrigerator company failed to furnish iced cars to the defendant railroad company. The undisputed evidence showed liability on the part of the railroad company, and the court was correct in so instructing the jury. *Cumbie* v. *St. L., I. M. & S. Ry. Co.*, 105 Ark. 415. The question of the amount of loss sustained by the shippers was submitted to the jury under proper instructions.

We find no prejudicial error in the record, and the judgment will be affirmed.